IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EBONI Z. POUNCY** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 4:25-cv-2556 |
| § | |
| **CHRISTINA E. RAY,** § | |
| **LESLIE E TOVAR, AND,** § | |
| **HARRIS COUNTY, TEXAS** § | |
| § | |
| *Defendants.* § | |

### DEFENDANT HARRIS COUNTY'S REPLY IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY, TEXAS (hereafter "County") files this Reply in Support of the Motion to Dismiss Plaintiff's First Amended Complaint. In support of said motion, Harris County would respectfully show the Court as follows:

### I.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This civil rights lawsuit stems from an alleged use of excessive force against Plaintiff Eboni Pouncy (hereafter "Pouncy") by Defendants Christina Ray (hereafter "Ray") and Leslie Tovar (hereafter "Tovar") on February 3, 2024.

2. Plaintiff filed her civil rights lawsuit on June 3, 2025, alleging claims against Harris County, Christina Ray and Leslie Tovar.

3. The Plaintiff served Harris County with the lawsuit on July 3, 2025. (Dkt. 9).

4. On July 24, 2025, Defendant Harris County filed its motion to dismiss Plaintiff's Original Complaint. (Dkt. 11).

5. On August 14, 2025, Plaintiff filed her First Amended Complaint. (Dkt. 16).

6. On August 28, 2025. Defendant Harris County filed a 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted against the County. (Dkt. 19).

## II. STATEMENT OF ISSUES AND STANDARD OF REVIEW

**A.   Statement of Issues.**

7. The issue to be ruled upon by the Court regarding Defendant Harris County is:

   (a)   Whether Plaintiff failed to state any claim upon which relief can be granted against Harris County?

**B.   Standard of Review.**

8. **Rule 12(b)(6) Standard.**  If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim").  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

9. To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiff's Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678. Finally, dismissal is appropriate if the complaint fails to include a factual allegation on any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

10. The plausibility standard "is not akin to a 'probability requirement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), and when a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citations omitted). When Plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

## III.    ARGUMENT AND AUTHORITIES

A.    *Monell* Claim.

11.    **Policy and Practice of Using Excessive Force.**  It is well established that a city is not liable under § 1983 on the theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality is liable only for acts directly attributable to it "through some official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001). To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken "pursuant to an official municipal policy." See *Monell*, 436 U.S. at 691, 98 S.Ct. 2018.

12.    An "official policy" or custom is most clearly established through a formal directive promulgated by a policymaker. See *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). When an "official policy" is not so explicit, the "persistent, widespread practice of city officials or employees ... so common and well settled as to constitute a custom that fairly represents municipal policy" will suffice. *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010) (quoting *Webster*, 735 F.2d at 841). Official policy may also exist where a municipality fails to train its employees, demonstrating a "deliberate indifference" to the rights of its inhabitants. *City of Canton v. Harris*, 489 U.S. 378, 388–89, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

13.    Pouncy fails to identify a policy or custom that was the moving force behind her injuries. Pouncy's allegations that Harris County has a policy and practice of not providing adequate training on the use of deadly force is conclusory and not supported by sufficient plausible facts. To proceed beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Pouncy doesn't identify any specific facts that plausibly suggest Harris County acted with deliberate

indifference in creating a policy or custom that was the moving force for Pouncy's alleged constitutional injuries.

14.    Pouncy has not sufficiently alleged the existence of a custom, practice, or policy. Her listed "failures" are not actual policies, regulations, or decisions that have been officially adopted and promulgated by Harris County or the Harris County Sheriff's Office. Rather, these listed alleged failures are pure speculation, and Pouncy does not provide any further factual support for their existence. Additionally, Pouncy has failed to sufficiently plead that these alleged policies, practices, or customs were the moving force behind a constitutional violation. Pouncy's claim that these practices, and/or policies were designed to be indifferent to her constitutional rights is an unsupported legal conclusion.

15.    **Widespread Practice or Custom.**  Pouncy does not allege a pattern of similar incidents sufficient to establish that Harris County maintained a customary policy of using excessive force.

16.    Pouncy must show that similar constitutional violations "have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Zarnow*, 614 F.3d at 169 (citing *Webster*, 735 F.2d at 842). This typically requires allegations of "[s]ufficiently numerous prior incidents," not isolated or anecdotal examples. *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989) (citations omitted). And those incidents must be factually similar to the one at issue — "they cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (collecting cases). Pouncy cites no other incidents besides the one involving Pouncy.

17.    **Training and Supervision.**  A failure to train or supervise theory "is a notoriously difficult theory on which to base a *Monell* claim[.]" *Deleon v. Nueces County*, No. 23-40004, 2023

U.S. App. LEXIS 17523, at *4 (5th Cir. July 11, 2023) (quoting *Allen v. Hays*, 63 F.4th 307, withdrawn and superseded on denial of panel reh'g, 65 F.4th 736, 749 (5th Cir. 2023). Plaintiff "must demonstrate that in light of the duties assigned to specific officers..., the need for more or different training [or supervision] is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need." *Id*.

18.     In *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), the Court applied *Monell* to a claim for constitutional violations allegedly resulting from the failure to train local government employees. The *Canton* Court held that the claim was actionable "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id*. at 388, 109 S.Ct. 1197. This high degree of culpability, the Court explained, was most consistent with the Court's holding in *Monell* that a local government could only be held liable under § 1983 "where its policies are the moving force [behind] the constitutional violation." *Id*. at 388–89, 109 S.Ct. 1197 (internal quotation marks omitted). "[T]he focus must be on adequacy of the training program in relation to the tasks the particular officers must perform," and merely showing that a particular officer may be unsatisfactorily trained, or proving that a particular injury or accident could have been avoided with more or better training, is insufficient in this regard. *Id*. at 390–91, 109 S.Ct. 1197. Moreover, the party seeking relief must also prove that the identified inadequacies in the training program actually caused the injury in question. See *id*. at 391, 109 S.Ct. 1197 ("the identified deficiency in a city's training program must be closely related to the ultimate injury ... respondent must still prove that the deficiency in training actually caused the police officers' indifference...."). See also *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) ("plaintiff must show that the

6

municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.").

19.     To sufficiently plead a § 1983 failure to train claim, a party must therefore plead sufficient facts so as to make the following plausible: (1) that a local government's training policy procedures were inadequate, (2) that the government was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused the constitutional violation. See *Sanders–Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir.2010). A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. *Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822–23, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)).

20.     With regard to the first element, the party must first identify a "policy statement, ordinance, regulation or decision that is officially adopted," or "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy," *Id*. at 380. "[A] plaintiff must [also] allege with specificity how a particular training program is defective." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir.2005). A plausible showing with respect to the second element—the County's "deliberate indifference"—usually requires pleading a pattern of similar constitutional violations as the injury for which a party is seeking relief. See *Bryan*, 520 U.S. at 409, 117 S.Ct. 1382 ("pattern of injuries ordinarily necessary to establish municipal culpability and causation.").

21.     The Supreme Court has held that "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62, 131 S.Ct. 1350. Pouncy's allegations fail to establish

7

a pattern of similar constitutional violations. See *Armstrong*, 60 F.4th at 277 (failure to train claim failed when plaintiff failed to establish pattern of constitutional violations); see also *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 407–08, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

22. Without a pattern, Pouncy may proceed only under the "single-incident exception"—a narrow and rarely successful theory that applies where the specific constitutional violation at issue was the highly predictable result of a complete lack of training. *Connick*, 563 U.S. at 63–64, 131 S.Ct. 1350; *Valle v. City of Houston*, 613 F.3d 536, 549 (5th Cir. 2020). This exception applies only where there is a total absence of training, "not just a failure to train in 'one limited area.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 849 (5th Cir. 2009).

23. There are no allegations that Deputies Ray and Tovar received no training, thus Pouncy does not allege a single-incident theory of *Monell* liability. See *Sauceda v. City of San Benito*, 78 F.4th 174 (5th Cir. 2023) ("[T]he single-incident method of proving deliberate indifference is generally reserved for cases in which no training whatsoever occurred."). Instead, Pouncy generally alleges in paragraph 83 of the amended complaint that Harris County, "had either actual or constructive knowledge of maintaining policies and training deficiencies that were the moving force that caused Pouncy's constitutional injuries." There are no allegations as to how Harris County acted with deliberate indifference.

24. Pouncy's claims against the County must fail because sufficient facts have not been pleaded to make it plausible that the alleged deficiencies in the County's training procedures were the "moving force" behind Pouncy's deprivation of her constitutional rights.

25. First, Pouncy "cannot prevail by styling her complaint about the specific injury suffered as a failure to train claim." *Roberts*, 397 F.3d at 293. Even assuming, moreover, that Pouncy's claim fits the single-incident exception, she must still allege the inadequacies of the training program

8

with sufficient particularity, see *Roberts*, 397 F.3d at 293, and make a plausible showing that these specific inadequacies were the "moving force" behind the specific constitutional deprivation that Plaintiff is claiming she suffered, see *Bryan*, 520 U.S. at 404, 412, 117 S.Ct. 1382 (connection between local government policy and specific constitutional violation alleged must be strong).

## IV.     CONCLUSION

26.     For the reasons stated herein, Plaintiff has failed to state any plausible claim upon which relief can be granted against Harris County, Texas.  Accordingly, Defendant Harris County is entitled to dismissal of Plaintiff's claims as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County requests that the Court grant its motion and enter an order dismissing Plaintiff's claims against Harris County and grant all other relief to which Harris County is entitled.

Date: September 24, 2025.

                                            Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:     */s/ Gregory Burnett*
**GREGORY BURNETT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov

> **VERONICA L. JONES**
> Assistant County Attorney
> ATTORNEY TO BE NOTICED
> State Bar No. 24097902
> Fed. Bar No. 3639763
> Tel: (713) 274-5181 (direct)
> veronica.jones@harriscountytx.gov
>
> **OFFICE OF THE HARRIS COUNTY ATTORNEY**
> 1019 Congress Street
> Houston, Texas 77002
>
> **ATTORNEYS FOR HARRIS COUNTY**

## CERTIFICATE OF SERVICE

    I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

> */s/ Gregory Burnett*
> GREGORY BURNETT