## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **EBONI Z. POUNCY** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-2556** |
| | § | |
| **CHRISTINA E. RAY,** | § | |
| **LESLIE E TOVAR,** | § | |
| **EDUARDO GONZALEZ, AND** | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS HARRIS COUNTY AND EDUARDO GONZALEZ'S
## MOTION TO DISMISS SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants HARRIS COUNTY, TEXAS (hereinafter "Harris County" or "County") and EDUARDO GONZALEZ (hereinafter "Sheriff Gonzalez" or "Gonzalez") file this Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 33) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Harris County and Sheriff Gonzalez would respectfully show the Court as follows:

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... iii

I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ............................. 1

II.   STATEMENT OF ISSUES AND STANDARD OF REVIEW ........................................... 2

      A.    Statement of Issues. ........................................................................................... 2

      B.    Standard of Review. ............................................................................................ 2

III.  SUMMARY OF THE ARGUMENT ................................................................................. 3

IV.   ARGUMENT AND AUTHORITIES ................................................................................ 4

      A.    Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against
            Sheriff Eduardo Gonzalez. .................................................................................. 4

      B.    Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against
            Harris County. ..................................................................................................... 5

V.    CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

Cases

*Akins v. Liberty Cnty.*,
 No. 1:10-CV-328, 2014 WL 105839 (E.D. Tex. Jan. 9, 2014) ........................... 7, 8
*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................. 2, 3
*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*,
 520 U.S. 397 (1997) ........................................................................................... 6, 9, 12
*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .................................................................................................. 2, 3
*Benavides v. Cnty. of Wilson*,
 955 F.2d 968 (5th Cir.1992) ......................................................................................... 12
*Benfer v. City of Baytown*,
 120 F.4th 1272 (5th Cir. 2024) ...................................................................................... 9
*Bennett v. City of Sidell*,
 735 F.2d 861 (5th Cir. 1984) .......................................................................................... 7
*Bennett v. City of Slidell*,
 728 F.2d 762 (5th Cir.) ........................................................................................... 6, 10
*Burge v. St. Tammany Parish*,
 336 F.3d 363 (5th Cir. 2003) ........................................................................................ 10
*Campbell v. City of San Antonio*,
 43 F.3d 973 (5th Cir. 1995) ............................................................................................ 7
*Castro Romero v. Becken*,
 256 F.3d 349 (5th Cir. 2001) .......................................................................................... 5
*City of Canton, Ohio v. Harris*,
 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ...................................... 12, 13
*Connick v. Thompson*,
 563 U.S. 51 (2011) ............................................................................................. 5, 6, 11
*Covington v. City of Madisonville*,
 812 Fed. App'x. 219 (5th Cir. 2020) .............................................................................. 5
*Culbertson v. Lykos*,
 790 F.3d 608 (5th Cir. 2015) .......................................................................................... 5
*Davidson v. City of Stafford*,
 848 F.3d 384 (5th Cir. 2017) .......................................................................................... 5
*Edwards v. City of Balch Springs*,
 70 F.4th 302 (5th Cir. 2023) .......................................................................................... 9
*Estate of Davis ex rel. McCully v. City of North Richmond Hills*,
 406 F.3d 375 (5th Cir.2005) .................................................................................. 12, 13
*Flores v. Cameron County, Tex.*,
 92 F.3d 258 (5th Cir. 1996) ............................................................................................ 5
*Fraire v. City of Arlington*,
 957 F.2d 1268 (5th Cir. 1992) ................................................................................. 6, 10
*Gonzalez v. Ysleta Indep. School Dist.*,
 996 F.2d 745 (5th Cir. 1993) .......................................................................................... 6

*Gordon v. City of Dallas*,
   826 F.3d 280 (5th Cir. 2016) ................................................................................ 8

*Hafer v. Melo*,
   502 U.S. 21 (1991) .............................................................................................. 4

*Howell v. Town of Ball*,
   No. 12-951, 2012 WL 3962387 (W.D. La. Sept. 4, 2012) .................................. 4

*Hudspeth v. City of Shreveport,*
   No. CIVA 04-0587, 2006 WL 3747446 (W.D. La. Dec. 18, 2006), ..................... 13

*In re Great Lakes Dredge & Dock Co. LLC*,
   624 F.3d 201 (5th Cir. 2010) ................................................................................ 3

*Jackson v. Procunier*,
   789 F.2d 307 (5th Cir. 1986) ................................................................................ 2

*James v. Harris Cnty.*,
   577 F.3d 612 (5th Cir. 2009) ................................................................................ 6

*Johnson v. Moore*,
   958 F.2d 92 (5th Cir. 1992) .................................................................................. 7

*Leal v. McHugh*,
   731 F.3d 405 (5th Cir. 2013) ................................................................................ 2

*M. D. ex rel. Stukenberg v. Abbott*,
   907 F.3d 237 (5th Cir. 2018) ................................................................................ 9

*Martinez v. Maverick County*,
   507 F. App'x 446 (5th Cir. 2013) ......................................................................... 9

*Meadowbriar Home for Children, Inc. v. Gunn*,
   81 F.3d 521 (5th Cir. 1996) .................................................................................. 8

*Monell v. New York City Dep't of Soc. Servs.*,
   436 U.S. 658 (1978) ................................................................................... 4, 5, 6, 9

*Morin v. Caire*,
   77 F.3d 116 (5th Cir. 1996) .................................................................................. 2

*Papasan v. Allain*,
   478 U.S. 265 (1986) .............................................................................................. 7

*Pena v. City of Rio Grande City*,
   879 F.3d 613 (5th Cir. 2018) ........................................................................... 5, 10

*Peterson v. City of Fort Worth*,
   588 F.3d 838 (5th Cir. 2009) ........................................................................... 5, 10

*Piotrowski v. City of Houston*,
   237 F.3d 567 (5th Cir. 2001) ....................................................................... Passim

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) ................................................................................ 2

*Ratliff v. Aransas Cnty., Texas*,
   948 F.3d 281 (5th Cir. 2020) ............................................................................ 5, 6

*Rios v. City of Del Rio, Tex.*,
   444 F.3d 417 (5th Cir. 2006) ................................................................................ 3

*Roberts v. City of Shreveport*,
   397 F.3d 287 (5th Cir. 2005) ......................................................................... 11, 13

*Snyder v. Trepagnier*,
   142 F.3d 791 (5th Cir. 1998) .............................................................................. 10

*Spiller v. City of Texas City*,
  130 F.3d 162 (5th Cir. 1997) ........................................................... 7, 9, 10
*Taylor v. Books A Million, Inc.,*,
  296 F.3d 376 (5th Cir. 2002)296 F.3d ................................................. 10
*Valle v. City of Houston*,
  613 F.3d 536 (5th Cir. 2010) ............................................................. 5, 11
*Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A.,
  H-10-2559, 2011 WL 4592057 (S.D. Tex. Sept. 30, 2011) ................. 7, 9
*Wakat v. Montgomery Cnty.*,
  471 F. Supp. 2d 759 (S.D. Tex. 2007) ................................................. 4
*Wakat v. Montgomery Cnty. Tex.*,
  246 Fed. App'x 265 (5th Cir. 2007) ..................................................... 4
*Whitley v. Hanna*,
  726 F.3d 631 (5th Cir. 2013) .............................................................. 9
*World Wide St. Preachers Fellowship v. Town of Columbia*,
  591 F.3d 747 (5th Cir. 2009) .............................................................. 12
*Zarnow v. City of Wichita Falls*,
  614 F.3d 161 (5th Cir. 2010) .............................................................. 11

Statutes

42 U.S.C. § 1983 .................................................................................Passim

Rules

Fed. R. Civ. P. 8(a)(2) ............................................................................. 2
Fed. R. Civ. P. 12(b)(6) .................................................................... 1, 2, 4

## I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.    This civil rights lawsuit stems from an alleged use of excessive force against Plaintiff Eboni Pouncy by Defendants Christina Ray and Leslie Tovar on February 3, 2024.

2.    Plaintiff filed her civil rights lawsuit on June 3, 2025, alleging claims against Harris County, Christina Ray and Leslie Tovar. (Dkt. 1).

3.    The Plaintiff served Harris County with the lawsuit on July 3, 2025.  (Dkt. 9).

4.    On July 24, 2025, Defendant Harris County filed its motion to dismiss Plaintiff's Original Complaint. (Dkt. 11).

5.    On August 14, 2025, Plaintiff filed her First Amended Complaint adding claims against Eduardo Gonzalez in his official capacity. (Dkt. 16).

6.    On August 28, 2025, Defendant Harris County filed its Motion to Dismiss Plaintiff's First Amended Complaint. (Dkt. 19).

7.    On September 18, Plaintiff filed her Response to Defendant Harris County's Motion to Dismiss (Dkt. 26), and on September 24, 2025, Defendant Harris County filed its Reply in Support of its Motion to Dismiss the First Amended Complaint (Dkt. 28).

8.    On October 15, 2025, Plaintiff served Sheriff Eduardo Gonzalez with a copy of the First Amended Complaint. (Dkt. 32).

9.    On October 22, 2025, Plaintiff filed her Second Amended Complaint. (Dkt. 33).

10.    Defendants Harris County and Eduardo Gonzalez move to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. Plaintiff's allegations against the County and Sheriff Gonzalez are general, conclusory allegations masquerading as factual conclusions of governmental liability and nothing more.

## II.    STATEMENT OF ISSUES AND STANDARD OF REVIEW

**A.    Statement of Issues.**

11.    The issues to be ruled upon by the Court are:

    (a)    Whether Plaintiff failed to state any claim upon which relief can be granted against Eduardo Gonzalez in his official capacity?

    (b)    Whether Plaintiff failed to state any claim upon which relief can be granted against Harris County?

**B.    Standard of Review.**

12.    **Rule 12(b)(6).**  If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim").  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

13.    To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiff's Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must

2

be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678. Finally, dismissal is appropriate if the complaint fails to include a factual allegation on any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417,421 (5th Cir. 2006).

14.     The plausibility standard "is not akin to a 'probability requirement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), and when a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citations omitted). When Plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

## III.    SUMMARY OF THE ARGUMENT

15.     Plaintiff has failed to state any plausible claim upon which relief can be granted against Defendants Harris County and Sheriff Gonzalez. The Plaintiff fails to identify an official Harris County policy, custom, or practice that was the moving force behind the alleged violations of her

constitutional rights. Plaintiff fails to identify any other incident(s) that could be argued as forming

a widespread custom or practice of using excessive force. Plaintiff's complaint lacks supporting

facts that give rise to a claim for failure to train and/or supervise. Plaintiff has not set forth any

factual allegations that, if true, would demonstrate that the County or Sheriff maintained an official

policy or custom exhibiting deliberate indifference that served as the moving force behind her

alleged injuries. Instead, Plaintiff relies on conclusory statements unsupported by factual content,

which are insufficient to survive a motion to dismiss under Rule 12(b)(6).

## IV.     ARGUMENT AND AUTHORITIES

**A.     Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against Sheriff Eduardo Gonzalez.**

16.     **Plaintiff's 42 U.S.C. § 1983 claims against Sheriff Gonzalez in his official capacity.**

Plaintiff asserts claims against Sheriff Gonzalez in his official capacity only. (Dkt. 33, at ¶ 7).

17.     A federal claim against a county employee in his official capacity is the equivalent of a

claim made against the county. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690

n.55 (1978). Thus, alleging the same section 1983 claims against a county employee in his official

capacity and the county is redundant. *Wakat v. Montgomery Cnty.*, 471 F. Supp. 2d 759, 768 (S.D.

Tex.) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (holding that "[s]uits against state official in

their official capacity therefore should be treated as suits against the State.")), *aff'd*, 246 Fed. App'x

265 (5th Cir. 2007).     It is "well settled that a suit against a municipal official in his or her official

capacity is simply another way of alleging municipal liability." *Howell v. Town of Ball*, No. 12-

951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012), citing *Monell v. New York City

Department of Social Services*, 436 U.S. 658 (1978). When, as in this case, the government entity

itself is a defendant in the litigation, claims against specific individuals in their official capacities

are redundant, and for that reason, courts in this circuit have found it is appropriate to dismiss

them. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir. 1996). Because Plaintiff has alleged the same claims against both the Sheriff and Harris County, the claims against the Sheriff in his official capacity should be dismissed as redundant.

**B.    Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against Harris County.**

18.    ***Monell* Claim.** "[U]nder §1983, local governments are responsible <u>only</u> for 'their own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis added); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). The alleged constitutional violations must be "directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated actions by [governmental] employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). As a result, governmental entities cannot be held liable on a *respondeat superior* basis, i.e., Harris County is not vicariously liable for its employees' actions, even if unconstitutional. *See Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson v. City of Stafford,* 848 F.3d 384, 395 (5th Cir. 2017); *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578).

19.    To state a §1983 municipal liability claim against Harris County, Plaintiff must plead "facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018); *see also Covington v. City of Madisonville*, 812 Fed. App'x. 219, 224 (5th Cir. 2020) (a plaintiff must "plead facts that plausibly support <u>each</u> element of §1983

municipal liability"). "[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Connick*, 563 U.S. 51 at 60; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). Simply, a claim against the County cannot survive if the only alleged facts describe the event giving rise to the cause of action and nothing more. *See Ratliff*, 948 F.3d at 285.

20.    It is, therefore, crucial that governmental culpability and governmental causation "not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 579. Plaintiff, therefore, bears the burden of demonstrating that, through <u>deliberate indifference</u>, Harris County was the 'moving force' behind the injury alleged. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.); *James v. Harris Cnty.*, 577 F.3d 612, 617-619 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

21.    Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's policy. *Monell*, 436 U.S. at 694; *Fraire*, 957 F.2d at 1277. A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of the policymaker's decision. *See Brown*, 520 U.S. at 411. Thus, Plaintiff must allege facts which show not only an unconstitutional decision, but a decision by Harris County to violate the Constitution. *See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993) (emphasis added).

22.    "In addition to culpability, [the pleadings must show] a direct causal link between [an identified] municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 579.

Therefore, and for purposes of a Rule 12(b)(6) motion, "the plaintiffs' description of a [governmental] policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added); *see also Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). The Court is "not bound to accept as true [the Plaintiffs'] legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  The Fifth Circuit has defined "official policy" as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by official adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (quoting *Bennett v. City of Sidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc)). The "widespread practice" type of policy or custom cannot be proven by "random acts or isolated incidents...." *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001); *Akins*, 2014 WL 105839 at *11. "Isolated violations are not the persistent, often repeated constant violations that constitute custom or policy as required for municipal section 1983 liability." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (internal quotations

omitted). "To demonstrate a governmental policy or custom under § 1983, a plaintiff must show at least a pattern of similar incidents in which the citizens were injured." *Akins*, 2014 WL 105839 at *11 (internal citations and quotations omitted). Moreover, "each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff...." *Piotrowski*, 237 F.3d at 579. The causation element requires that the plaintiff demonstrate the policy itself was the "moving force" behind the alleged constitutional violations. See *Akins v. Liberty Cnty*., No. 1:13-cv-328, 2014 WL 105839, at *9 (E.D. Tex. Jan. 9, 2014) (Crone, J.) (quoting *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996)).

23.    For purposes of a Rule 12(b)(6) motion, a plaintiff must plead facts from which the court can reasonably infer that "the challenged policy was promulgated or ratified by the city's policymaker." *See Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016).  Here, Plaintiff has not identified any specific, officially promulgated written policy statement, regulation or decision of Harris County that allegedly caused a violation of her constitutional rights.  Nor has Plaintiff established a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a county policy. Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal.  Plaintiff has made several conclusory statements to which no assumption of truth should be attached. Plaintiff does not identify any general facts regarding an actual policy or custom that was the cause of her alleged constitutional violations. The allegations are merely a recitation of the elements required for a cause of action against a governmental entity and are insufficient to state a claim against Harris County or the Sheriff, in his official capacity. Furthermore, the Fifth Circuit Court of Appeals has clearly stated that a complaint that makes no specific factual allegations of a policy and "simply

adds the words 'policies, practices, and/or customs'" to the perceived wrong is insufficient to survive dismissal. *Whitley v. Hanna*, 726 F.3d 631, 649 (5th Cir. 2013) citing *Spiller v. City of Tex. City, Police dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

24.     **No Harris County Policy, Custom, or Practice.**   As the Supreme Court made clear in *Monell*, municipal liability under § 1983 will only arise where the plaintiff can identify a municipal policy or custom that caused the constitutional deprivation. See *Bd. of the Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (citing *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). "Each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001); accord  *Benfer v. City of Baytown*, 120 F.4th 1272, 1285 (5th Cir. 2024); *Edwards v. City of Balch Springs*, 70 F.4th 302, 312 (5th Cir. 2023); *M. D. ex rel. Stukenberg v. Abbott*, 907 F.3d 237, 254 (5th Cir. 2018); *Martinez v. Maverick County*, 507 F. App'x 446, 448 (5th Cir. 2013) ("wide-ranging conclusory allegations" fail to identify an injury-causing policy). The Plaintiff has not identified any specific, officially promulgated written policy statement, regulation or decision of Harris County that caused a violation of her constitutional rights, for which Harris County can be held liable (Dkt. 33, ¶¶ 76-86). As previously stated, § 1983 demands that "each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff." *Piotrowski*, 237 F.3d at 579; accord *Benfer*, 120 F.4th at 1287; *Edwards*, 70 F.4th at 312; M. D. ex rel. *Stukenberg*, 907 F.3d at 253-54; *Martinez*, 507 F. App'x at 448. These conclusory legal assertions are barren of any factual allegation that is entitled to an assumption of truth.  As a result, Plaintiff has failed to establish a factual basis for any County policy being promulgated with deliberate indifference by a final policymaker. *See Vouchides v. Houston Cmty. Coll. Sys.*, No.

CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378 (internal citation omitted).

25.    Finally, Plaintiff must prove that the custom or policy in question was the moving force behind the underlying constitutional violation in her case. For a municipal custom to be found as the "moving force" behind a constitutional deprivation, there first "must be a direct causal link between the municipal policy [or custom] and the constitutional deprivation." *Piotrowski*, 237 F.3d at 580. This causal link between custom and constitutional violation "must be more than a mere 'but for' coupling between cause and effect." *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992). The Fifth Circuit has emphasized that this requirement "must not be diluted, for where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 580 (internal quotation marks omitted) (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998)).

26.    A plaintiff's "description of the policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't.*, 130 F.3d 162, 167 (5th Cir. 1997)). Isolated incidents are insufficient to establish a custom or policy. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984); *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). There must be numerous prior incidents to establish a custom or pattern. *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009). Plaintiff fails to identify a Harris County policy and/or custom that was the moving force behind her alleged

constitutional violation. For these reasons, Plaintiff fails to state a claim upon which relief can be granted against Harris County and Sheriff Gonzalez. Plaintiff's claims against Harris County and Sheriff Gonzalez should be dismissed as a matter of law.

27.    **No Deliberate Indifference.** The Plaintiff has failed to state any plausible factual allegations of deliberate indifference or causation. The Plaintiff has failed to identify a County policy that was adopted or maintained with deliberate indifference to its known or obvious consequences. Because the "standard for [municipal] fault" is a "stringent" one, "[a] pattern of similar constitutional violations by untrained employees is ordinarily" required to show deliberate indifference. *Connick*, 563 U.S. at 62, 131 S.Ct. 1350 (quotes and citations omitted). Other than bare allegations, Plaintiff has failed to meet her pleading burden.

28.    **Failure to Train and Supervise**. The Plaintiff broadly contends that the Sheriff and Harris County failed to adequately train and supervise Deputy Ray and Deputy Tovar on de-escalation, use of deadly force, removal of racial bias from use of force decisions, accessing threats before using deadly force, providing adequate warnings before using deadly force, and the rights of persons to possess firearms.  (Dkt. 33, ¶¶ 80- 83 (a- h)).  The standard for establishing liability for failure to train or supervise is the same standard for establishing municipal liability in general. *Valle*, 613 F.3d at 544 (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).

29.    "To prevail on a failure to train theory, a plaintiff must demonstrate: (1) that the [government's] training procedures were inadequate, (2) that the [government] was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010). To state a claim "based on an 'inadequate training' claim, a plaintiff <u>must allege with specificity</u> how a particular training program is deficient."  *Roberts*, 397 F.3d at 293 (emphasis added).

Deliberate indifference is alleged with facts that show the "municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). Alternatively, a plaintiff must show that "in light of the duties assigned to specific officers or employees, need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009).

30.     Other than pure speculation on the failure to train claim, Plaintiff has failed to identify any inadequacies or deficiencies in the training of any deputy; failed to allege any facts to link the purported inadequate or deficient training to the alleged injuries suffered by Plaintiff; and failed to allege any facts to establish a pattern of similar incidents in which citizens have been injured as a result. See *Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 383, 386 (5th Cir.2005) (deliberate indifference usually requires " 'at least a pattern of similar incidents in which the citizens were injured' " (citation omitted), and "narrow" single incident exception has applied when the court finds a complete failure to train, not just a failure to train in "one limited area").

31.     The deliberate indifference standard in the context of inadequate training is a difficult standard to satisfy. Plaintiff must show that "the need for more or different training is so obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to the need." *Benavides v. Cnty. of Wilson*, 955 F.2d 968, 972 (5th Cir.1992) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). The mere fact that an injury could have been avoided if an officer had better training is insufficient to show a constitutional violation. See

*Harris*, 489 U.S. at 391, 109 S.Ct. 1197.

32.     The same rationale applies to a failure to supervise claim. To establish deliberate indifference, a plaintiff must show at least a pattern of violations (fairly similar to what ultimately transpired) so that the failure of the county to respond with different training or better supervision reflects a deliberate or conscious choice to endanger constitutional rights. *Davis*, 406 F.3d at 381-83; *Roberts*, 397 F.3d at 292; *Hudspeth*, 2006 WL 3747446, at *20. The Plaintiff has failed to allege or identify any inadequacies or deficiencies in the supervision of deputies and how that contributed to her injuries. For these reasons, Plaintiff has failed to state a claim for failure to train or failure to supervise upon which relief can be granted against Harris County or Sheriff Gonzalez, in his official capacity.

## V.     CONCLUSION

For the reasons stated herein, Plaintiff has failed to state any plausible claim upon which relief can be granted against Harris County, Texas and Eduardo Gonzalez.  Accordingly, Harris County and Eduardo Gonzalez are entitled to dismissal of Plaintiff's claims as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Harris County and Eduardo Gonzalez request that the Court grant their motion, enter an order dismissing Plaintiff's claim against Harris County and Eduardo Gonzalez, and grant all other relief to which Defendants Harris County and Eduardo Gonzalez are entitled.

Date: November 5, 2025.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:      */s/ Gregory Burnett*
         **GREGORY BURNETT**
         Assistant County Attorney
         ATTORNEY-IN-CHARGE
         State Bar No. 24057785
         Fed. Bar No. 3785139
         Tel: (713) 274-5224 (direct)
         gregory.burnett@harriscountytx.gov
         **VERONICA L. JONES**
         Assistant County Attorney
         ATTORNEY TO BE NOTICED
         State Bar No. 24097902
         Fed. Bar No. 3639763
         Tel: (713) 274-5181 (direct)
         veronica.jones@harriscountytx.gov

         **OFFICE OF THE HARRIS COUNTY ATTORNEY**
         1019 Congress Street
         Houston, Texas 77002

         **ATTORNEYS FOR HARRIS COUNTY**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

                              */s/ Gregory Burnett*
                              GREGORY BURNETT

14