UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EBONI Z POUNCY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-02556 |
| | § | |
| CHRISTINA E RAY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUN AND ORDER

### I. INTRODUCTION

Before the Court are the defendants, Harris County, Texas ("Harris County") and Sheriff Eduardo Gonzalez's ("Sheriff") motion to dismiss the plaintiff's, Eboni Z. Pouncy, second amended complaint (Dkt. No. 33); brought pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] in response to the plaintiff's brief in opposition to Harris County motion to dismiss (Dkt. No. 35); the defendants, Harris County and Sheriff's filed a reply in support of their motion to dismiss (Dkt. No. 36).

After reviewing the motions, the pleadings, responses, relevant exhibits, and the applicable law, the Court determines Harris County and the Sheriff's motion to dismiss should be granted.

---

[1] On June 3, 2025, Pouncy filed a complaint with jury demand (Dkt. No. 1), naming Harris County, Christina E. Ray, and Leslie E. Tovar as defendants. On August 14, 2025, Pouncy filed the first amended complaint (Dkt. No. 16), adding Eduardo Gonzalez. On October 22, 2025, Pouncy filed her second amended Complaint (Dkt. No. 33), naming all defendants.

1 / 5

**II. FACTUAL AND PROCEDURAL HISTORY**

The plaintiff alleges that on or about February 3, 2024, the defendants, deputies Ray and Tovar, violated her federal constitutional rights when they used excessive force to seize and arrest her. The evening prior to the arrest, the plaintiff and a friend dined at a restaurant in Katy, Texas. When they returned to the friend's apartment, around 1:30 a.m., they realized that her friend had mistakenly left the keys to her apartment at the restaurant. Instead of returning to the restaurant, they simply removed the screen from the frame and broke a window near the location of the doorknob, opened the door and entered the apartment. After they fell asleep, a neighbor noticed the broken window and called for emergency services.

At or about 2:30 a.m., deputies Ray and Tovar responded to the emergency call. When they reached the apartment, they knocked on the door and announced themselves. The plaintiff and her friend were awakened by the loud knock but claimed they did not hear the deputies identify themselves. The deputies fired shots as they looked through the apartment window, several of which hit the plaintiff causing serious bodily injuries. At the time, the plaintiff was armed. As shots were being fired, the deputies were heard shouting, "Drop the gun."

**III. CONTENTIONS OF THE PARTIES**

**A. The Plaintiff's Contentions.**

The plaintiff contends that the deputies' conduct violated her Fourth and Fourteenth Amendments right to be free from the use of excessive force by law enforcement officers when making an arrest. She asserts that, in this instance, the conduct of the deputies violated 42 U.S.C. § 1983, the Civil Rights Act of 1871. In this regard, the plaintiff asserts that (a) Harris County and the Sheriff are liable because the deputies acted according to the policies, practices and a culture embraced and approved by Harris County and the Sheriff; (b) they failed to conduct an independent

investigation of the events afterwards; (c) the policies embraced do not require proper warnings prior to the use of firearms; (d) Harris County and the Sheriff are aware that their deputies make use-of-force decisions that result in violations of civil rights; and (e) the failure of Harris County and the Sheriff to implement proper policies and practices show deliberate indifference to the rights of persons during arrests.

### B. The Defendants Harris County and Sheriff's Contentions.

In response to the plaintiff's assertions and claims, Harris County and the Sheriff assert the following: (a) the plaintiff's claims are vague, conclusory and lack factual content; therefore, no plausible claim is asserted that escapes the *Monell* standards; (b) the plaintiff has failed to set out a specific policy or practice that Harris County has adopted that, when implemented, would cause a violation of her constitutional rights; and (c) there is no specific facts pled that support the plaintiff's claim that Harris County and the Sheriff failed to train or supervise deputies Ray and Tovar.

## IV. APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiffs' complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.,* 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde,* 944 F.2d 229, 230 (5th Cir. 1991)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 129 S. Ct. 1937, 1949,

173 L. Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).

Dismissal is, therefore, appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007).

## V. DISCUSSION AND ANALYSIS

### A. Harris County and the Sheriff's *Monell* Defense.

Under 42 U.S.C. § 1983, any "person who, under color of state law, subjects another to the deprivation of federally protected rights is liable to the injured party." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, to fulfill the three-prong municipality's liability test, "a plaintiff bears the burden of pleading the existence of (1) a policymaker; (2) an official policy; and (3) a violation of a constitutional right where the moving force is the policy, practice, or custom." *Monell*, 436 U.S. at 691.

The plaintiff contends that Harris County and the Sheriff have implemented policies that gave rise to the events that caused her injuries. However, the plaintiff has failed to identify a specific policy or practice implemented by Harris County or the Sheriff that was used in the course of the events that occurred on February 3, 2024. Moreover, there are no pleadings that support the view that a particular policy could or should have been implemented by Harris County or the Sheriff that was not implemented and, but for that fact, was a cause or contributing cause of the injuries suffered by the plaintiff. Finally, the plaintiff has failed to show that any policy adopted

by Harris County or the Sheriff resulted in deliberate indifference to the plaintiff's rights under the Fourth and Fourteenth Amendments to the federal Constitution.

## VI. CONCLUSION

Dismissal is appropriate when the pleadings fail to "raise a right to relief above the speculative level," "on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. Hence, the Court concludes that the pleadings fail to establish a direct connection between the actions of Harris County and the Sheriff and the deputy defendants who allegedly engaged in misconduct. The pleadings also fail to establish that there was a policy or plan by Harris County or the Sheriff that authorized or approved the alleged misconduct; or that violated § 1983 on a respondeat superior theory. Finally, the record lacks evidence that the conduct of the deputies was the result of a policy or custom adopted by Harris County or the Sheriff.

Accordingly, the Court GRANTS Harris County and the Sheriff's motion to dismiss the plaintiff's claims against them.

It is so **ORDERED.**

SIGNED on January 23, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge